**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANTHONY SCIACCA, ON BEHALF OF**
**HIMSELF AND THOSE SIMILARLY**
**SITUATED ,**

                      **Plaintiffs,**

**-vs-**                                                                                      **Case No.  6:12-cv-1255-Orl-28DAB**

**VECTORWORKS MARINE, LLC,**

                      **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. 13)**
>
> **FILED:** September 25, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, with leave to file an amended complaint**.

Plaintiff filed suit against Defendant Vectorworks Marine, LLC, alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and for declaratory relief.  Vectorworks moves to dismiss Plaintiff's claims, arguing that his Complaint fails to state a claim upon which relief can be granted because Plaintiff's claims are insufficient as a matter of law to show that he is covered under either enterprise or individual coverage under the FLSA.  Plaintiff contends that there is no requirement that Plaintiff plead with great specificity how Defendant is a covered enterprise and why Plaintiff is subject to the individual coverage of the FLSA.

I. *Legal Standard*

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *Ramjit v. Benco Dental Supply Co.*, No. 6:12-cv-528-Orl-28DAB, 2013 WL 140238 (M.D.Fla. Jan. 11, 2013) (Antoon, J.).

II. *Factual and Procedural Background*

Plaintiff alleges that he was employed by Vectorworks from October 20, 2006 to April 26, 2012 as a "boat outfitter." Doc. 1 ¶ 18. Plaintiff filed suit under the FLSA on August 5, 2012, alleging that Vectorworks had failed to pay him overtime. Doc. 1. Vectorworks filed its Motion to Dismiss on September 25, 2012. Doc. 13. Plaintiff filed his Amended Response on November 8, 2012. Doc. 25.

III. *Analysis*

Under the FLSA, employers are required to pay their employees an overtime wage of one and one–half times their regular rate for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis*, 662 F.3d at 1298; *see also* 29 U.S.C. § 216(b). To establish a claim for overtime compensation under the FLSA, plaintiffs must show "individual coverage"—"that they were engaged in commerce or in

the production of goods for commerce," or "enterprise coverage"—that their employer is an "enterprise engaged in commerce." See 29 U.S.C. § 207(a)(1).

In the Complaint, Plaintiff alleges that "individual coverage" applies because he was "engaged in commerce." Doc. 1 ¶ 6, 14. Plaintiff alternatively alleges that Vectorworks is an "enterprise engaged in the production of goods for commerce." Doc. 1 ¶ 10. An "enterprise engaged in commerce or in the production of goods for commerce" is an enterprise that (i) "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has a (ii) "gross volume of sales made or business done [of] not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Vectorworks argues that, although the pleading standard under Rule 8 does not require detailed factual allegations, in light of the holdings in *Twombly* and *Iqbal*, "it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. Plaintiff must allege facially plausible facts which would support a conclusion that: (1) Vectorworks is an enterprise engaged in commerce with an annual gross business volume of at least $500,000 (enterprise coverage) or (2) Sciacca engaged in commerce or in the production of goods for commerce (individual coverage). See 29 U.S.C. §§ 203(r), (s), 207(a)(1).

Plaintiff contends that he has sufficiently pled enterprise and individual coverage and the allegations in the Complaint (Doc. 1) "easily exceed Rule 8's pleading standard." He points to his allegations that: (1) Plaintiff worked for Defendant as a non-exempt "boat outfitter" (Doc. 1 ¶18); (2) Plaintiff was engaged in commerce during his employment with Defendant (*Id*. ¶¶ 6, 14)); (3) Defendant was and continues to be an enterprise engaged in the production of goods (boats) for commerce (*Id*. ¶¶ 10, 18); (4) the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods (*Id*. ¶ 11); (5) Defendant had more than two employees (*Id*. ¶ 12); (6) Defendant had two or more employees handling, selling, or otherwise working on goods

or materials that had moved in or were produced for commerce (*Id*. ¶ 13); and (7) Plaintiff was engaged in the production of goods for commerce (*Id*. ¶¶ 15, 18).

Vectorworks argues that Plaintiff fails to allege in his Complaint with any specificity or facial plausibility either enterprise and/or individual coverage, and makes only vague assertions that (1) he "was 'engaged in commerce' and "engaged in the 'production of goods for commerce' and (2) Vectorworks is "an enterprise engaged in the production of goods for commerce" without any supporting facts about the substantive nature of Plaintiff's work duties or the nature of Vectorwork's business or a connection to interstate commerce. Doc. 1 ¶ 10.  Vectorworks contends that Plaintiff's allegations are nothing more than legal conclusions devoid of any facts, and are insufficient to support his claims under the *Iqbal* and *Twombly* standards.

The majority of Plaintiff's allegations are conclusory and lack the factual basis to support the allegations of enterprise or individual coverage.  Plaintiff's only somewhat specific allegation is that he was employed as a "boat outfitter," but he fails to specify in the Complaint what kind of business Vectorworks Marine, LLC, is or performs and it is not self-evident what a "boat outfitter" does. Plaintiff states – for the first time in the Response to the Motion to Dismiss – that Defendant is a "boat manufacturer" that his "work on boats" amounts to work on "instrumentalities of commerce," allegedly similar to work driving or servicing cars, which other courts have held to be within the meaning of interstate commerce and the jurisdiction of the FLSA.

The cases Plaintiff cites are distinguishable in that the allegations in Plaintiff's cited cases communicated the nature of the employer's business or the plaintiff-employee's work.   Doc. 23 at 6-7 (citing *West v. Aventura Limousine & Transp. Service, Inc.*, 2012 WL 3516507, at *2 (S.D. Fla. Aug. 14, 2012) (holding that allegation that "Plaintiff only drove Defendants' vehicles to drive Defendants' clients" sufficiently pled coverage); *Johnson v. James*, No. 92–0455–T–C, 1994 WL 637439 (S.D. Ala. May 17, 1994) (plaintiffs who worked for an automotive oil change business were

covered under the individual coverage provisions of the FLSA); *Brennan v. Ventimiglia*, 356 F.Supp. 281, 282-83 (N.D. Ohio 1973)(employees who serviced cars and sold products such as gasoline were engaged in commerce under the FLSA).

Here, Plaintiff has failed to plead the nature of Vectorworks Marine, LLC's business and the nature of what his position as a "boat outfitter" consists of. It is insufficient to merely allege in a form complaint that Vectorworks is "an enterprise engaged in the production of goods for commerce" and not state what the "goods" are that it produces or how these goods are connected to interstate commerce. *Cf. Moreno v. Ferretti Group of America, LLC*, No. 10-cv-24507, 2011 WL 4499031, at *2 (S.D. Fla. Sept. 27, 2011) (holding plaintiff sufficiently pled he was engaged in interstate commerce where he alleged the products and materials that he used on a constant and continual basis were supplied to him by employer to use on the job moved through interstate commerce).

As in the case cited by Vectorworks, *Ceant v. Aventura Limousine and Transportation Service, Inc*., the plaintiff's deficient FLSA complaint contained *verbatim allegations* of the disputed sections that Vectorworks complains are too vague in this case. 874 F.Supp.2d 1373, 1377 (S.D. Fla. 2012). As the district judge noted, although pleading coverage under the FLSA is not onerous as a general principle, where the plaintiff-employee fails to provide *any* factual allegations about the nature of his work and its connection to interstate commerce, or the nature of the employer's business - what kind of transportation services the limousine company provided to customers or whether such services were tied to interstate commerce - the complaint is deficient and it must be dismissed with leave to amend. *Id.* at 1377. In amending, the district judge ordered the plaintiff to set forth the nature of the employer's business and precisely what he did in the course of his employment, taking care to explain how the employer's business, and his work for the company, connected to interstate commerce. *Id*.

The court went on to clarify his holding, lest it be interpreted as too stringent a pleading requirement:

-5-

> To be clear, the Court rejects Defendants' call for super detailed factual allegations as to every facet of FLSA coverage. Courts have rejected these arguments before. *See Burton v. Hillsborough Cnty., Fla.*, 181 Fed.Appx. 829, 840 (11th Cir. 2006) (rejecting call for heightened pleading under FLSA; such claims require compliance with Rule 8 only); *Frazier v. Cummings Leasing, Inc.*, 2007 WL 2225965, at *2 (M.D.Fla. Aug. 2, 2007) (Morris, J.) ("there is no heightened pleading requirement when alleging overtime wage claims under the FLSA"). While *Twombly* and *Iqbal* have certainly raised the bar for notice pleading, they do not demand "detailed factual allegations." *See Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. A simple case of unpaid overtime is not complicated to plead. *See U.S. Sec'y of Labor v. Labbe*, 319 Fed.Appx. 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward."); *see also McDonald v. Kellogg Co.*, 2009 WL 1125830, at *1 (D.Kan. Apr. 27, 2009) ("federal courts in the wake of Twombly have held that extensive pleading is not required in the context of an FLSA claim").
>
> Thus, to properly allege individual or enterprise coverage, [plaintiff] need not do much. Aside from stating the nature of his work and the nature of [his employer's] business, he must provide only straightforward allegations connecting that work to interstate commerce. *See Kinzer v. Stelling*, 2012 WL 1405694, at *2–*3 (M.D.Fla. Mar. 28, 2012) (Spaulding, J.) (FLSA coverage properly stated where complaint alleged that defendant operated retail gas station, convenience store, and car repair shop and sold gasoline and other items that had traveled in interstate commerce); *Gonzalez v. Unidad of Miami Beach, Inc.*, 2011 WL 2983671, at *2 (S.D.Fla. July 22, 2011) (Huck, J.) (FLSA coverage properly stated where complaint alleged that defendants' employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce," and that defendant "was an enterprise engaged in commerce . . . as defined by the FLSA"); *Schlinsky v. Action Video Prods., Inc.*, 2010 WL 227910, at *2 (S.D.Fla. Jan. 13, 2010) (Cohn, J.) (same); *Roberts v. Caballero & Castellanos, PL*, 2010 WL 114001, at *3 (S.D.Fla. Jan. 11, 2010) (Moore, J.) (FLSA coverage adequately pled by allegations that the employer engages in interstate commerce and operates as an organization that sells or markets its goods and services to customers throughout the United States and also provides its services for goods sold and transported from across state lines, and accepts funds from non-Florida sources, and uses telephonic transmissions going over state lines to do business).

*Ceant*, 874 F.Supp.2d at 1378[1].

Similarly, Plaintiff's Complaint in this case fails to specifically allege how Plaintiff's job or Vectorworks' business relates to interstate commerce. It is also worth noting that attorneys from the

---

[1] Judge Cohn in the case cited by Plaintiff, *West v. Aventura Limousine & Transp. Service, Inc.*, specifically noted that the pleadings in the complaint before him and the complain in *Ceant* were distinguishable. 2012 WL 3516507, at *2 n.2 (S.D. Fla. Aug. 14, 2012).

same office of Morgan & Morgan (in Plantation, Florida), which has a small number of attorneys who specialize wage and hour litigation, prepared the Complaint for Plaintiff in this case and the plaintiff in *Ceant*.  It is not lost on the Court that the defects in pleading are precisely the same in the two cases[2].

It is respectfully **RECOMMENDED** that Vectorworks' Motion to Dismiss Plaintiff's Complaint without prejudice be **GRANTED** and Plaintiff be granted leave to file an amended complaint consistent with the above within 14 days of any order adopting this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 1, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2]This is not the first time the Court has noted counsel for Plaintiff's duplication of pleadings from another FLSA case.  *See* Doc. 24 (ordering Plaintiff to refile his memorandum, "showing greater care in the preparation of the document, which is virtually identical in the first five pages to the seven-page Memorandum filed in" another Middle District case).