# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANTHONY SCIACCA, ON BEHALF OF
HIMSELF AND THOSE SIMILARLY
SITUATED ,**

                        **Plaintiffs,**

**-vs-**                                              **Case No.  6:12-cv-1255-Orl-28DAB**

**VECTORWORKS MARINE, LLC,**

                        **Defendant.**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR SETTLEMENT (Doc. No. 37)**
>
> **FILED:**       **April 10, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

       The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Plaintiff was employed by Defendant Vectorworks Marine, LLC as a boat outfitter, outfitting and finishing the interiors of Defendants boats, with the title of "Rigging Crew Leader," from October 20, 2006 to April 26, 2012 and alleged that he was not paid for overtime hours because Defendant treated him as "non-exempt." Doc. 37. The settlement to Plaintiff is for $500 in unpaid wages and liquidated damages. However, Plaintiff will also be receiving $10,000 for a general release of a whole host of other employment-related claims under state and federal law. Doc. 37-1. Thus, the total settlement is $10,500 to Plaintiff.

The parties represent in the Joint Motion (Doc. 37) that the settlement occurred following an adversarial matter in which both Plaintiff and Defendant were represented by counsel and the lawsuit involved disputed issues. According to the Joint Motion, several factors were considered by the parties in the compromise of Plaintiff's claim including Defendant's arguments that Plaintiff had not worked any overtime and that he was employed in a bona fide executive capacity and was, therefore,

an exempt employee under the FLSA pursuant to 29 U.S.C. § 213(a)(1)[1].  Doc. 37.  Plaintiff met the

salary requirement for the exemption (at $50,000 to $52,000 annually) and Defendant contended that

Plaintiff's primary duty was the management of a customarily recognized department or subdivision

of the enterprise, that he customarily and regularly directed the work or two or more other employees,

and his suggestions and recommendations as to the hiring, firing, advancement, promotion or any

other change of status of other employees were given particular weight. Plaintiff claimed he did not

fall within the executive exemption at all times of his employment because his duties allegedly

became less managerial and more labor intensive as time went on.  Doc. 37.  Although Plaintiff does

not provide any details, he represents, "After examining the documentation provided by Defendant,

Plaintiff agreed to compromise his FLSA claim."  Doc. 37.

The parties have agreed that Defendant will pay Plaintiff's attorneys $4,250 in attorney's fees

and costs for resolution of the FLSA claim and the general release.  Doc. 37.  Although Plaintiff's

counsel did not provide any information regarding his time entries, when the $350 filing fee is

subtracted[2], the attorney's fee portion of $3,900 is reasonable based on an estimated hourly rate of

$300 for Mr. Frisch, for approximately 13 hours of work for the preliminary preparation of the case

including meeting and filing the Case Management Report and responding to Defendant's Motion to

Dismiss (Doc. 25).  Given the fact that Plaintiff's salary was significantly more than the minimum

amount to meet the "executive" exemption, the produced documents admittedly caused Plaintiff to

---

[1]Under the Department of Labor's regulations governing requirements for this exemption, 29 C.F.R. § 541.100 et seq., the term "employee employed in a bona fide executive capacity" is defined in pertinent part as an employee: (i) compensated on a salary basis at a rate of not less than $455.00 per week, exclusive of board, lodging or other facilities; (ii) whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (iii) who customarily and regularly directs the work or two or more other employees; and (iv) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100.

[2]See Doc. 1.

compromise, and because Plaintiff's $500 settlement on the FLSA claim is dwarfed by the $10,000 general release for all employment claims, the Court need not scrutinize the amount attorney's fees and costs to the extent it would in a typical FLSA case.

Accordingly, it is respectfully **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and the Joint Motion for Approval of the  Settlement Agreement (Doc. 37) be **GRANTED**; with the Clerk **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 19, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

-4-